UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES KENDRICK,

        Plaintiff,

vs.

Case No. 12-CV-15388
HON. GEORGE CARAM STEEH

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION (DOC. # 24), GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (DOC. # 23) AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. # 16)

INTRODUCTION

This case, in which plaintiff Charles Kendrick seeks review of the Commissioner of Social Security's denial of his application for benefits, is before the court on the parties' cross-motions for summary judgment. The magistrate judge has filed his report and recommendation to deny plaintiff's motion for summary judgment and grant that of the defendant. Plaintiff has filed his objections to the report and recommendation. Because the court is convinced that substantial evidence supported the decision of the ALJ, the magistrate judge's report and recommendation will be adopted and the plaintiff's objections will be overruled as set forth below.

DISCUSSION

Plaintiff Charles Kendrick applied for both Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in October 2009, alleging that he had been disabled

since March 31, 2006.  After the claims were denied by the agency, plaintiff requested a hearing before an administrative law judge (ALJ).  That hearing was held on April 6, 2011, and the ALJ's decision issued July 1, 2011. The ALJ's decision finding that plaintiff was not disabled under the Social Security Act was not reviewed by the Appeals Council, which made it the agency's final decision.  Plaintiff then filed this action for judicial review, which is now before the court on plaintiff's objections to the magistrate's recommendation that the court grant defendant's motion for summary judgment.

Plaintiff's first objection concerns his argument on summary judgment that the ALJ did not include all of his mental health limitations in his Residual Functional Capacity assessment.  Plaintiff quotes from the magistrate's statement that plaintiff failed to cite a medical opinion or specific limitation the ALJ should have included in her assessment, and follows with a list of citations to his subjective complaints in therapy sessions in 2009-10. However, plaintiff's list does not refute the fact, as stated in the magistrate's report, that "no treating physician rendered an opinion on Plaintiff's mental limitations."  See R & R at 14. The magistrate considered the ALJ's evaluation of the two consultative medical sources that are documented in the record, Dr. Dickson and Dr. Kriauciunas, and carefully noted their findings.  As thoroughly discussed by the magistrate, these findings were then incorporated into the ALJ's RFC determination.  Furthermore, the court notes, the ALJ did in fact reference the "clinical observations of treating mental health treatment providers" (see Doc. # 10-2 at p. 35), which the court notes generally present a variety of both complaints and positive developments in connection with plaintiff's treatment, and are not inconsistent with the opinions and notes of the state consultative examiners.

Plaintiff also asserts, as he did in his motion for summary judgment, that the ALJ failed to explain the weight given to the opinions of Drs. Dickson and Kriauciunas, contrary to the requirements of 20 C.F.R. § 416.927(e)(2)(ii). However, the ALJ first clearly considered and weighed the opinion of Dr. Kriauciunas (although his name was not included in the ALJ's decision, his opinion was specifically cited and discussed), in combination with plaintiff's own testimony, and then that of Dr. Dickson toward the end of the decision. The court does not find merit in this objection.

Finally, plaintiff confusingly asserts that the ALJ found plaintiff to be "able to perform a full range of work activities at all exertional levels" (see Doc. # 25 at p. 4); however, among other limitations, the ALJ specifically limits the weight plaintiff can lift/carry, the time plaintiff can spend walking vs. sitting, the plaintiff's limitations regarding climbing/crouching/kneeling/crawling, etc., as well as limiting plaintiff to only simple, repetitive, and low stress work  Thus this objection, as written, does not appear to apply to plaintiff. Plaintiff's objection then goes on to assert that plaintiff's complaint to his therapist that he was eating and sleeping in his bed "would not be tolerated in a work environment" (Id.). It appears that plaintiff is again objecting to the RFC determination made by the ALJ in light of the plaintiff's subjective description of his limitations. As set forth above, while plaintiff's complaints/description of daily activities to his therapist were a part of the mix considered by the ALJ, there was ample additional information contained in the record to support the ALJ's contrary determination with substantial evidence.

This court's review of the record is deferential to the ALJ. If the decision is supported by substantial evidence, it must be affirmed whether or not the reviewing court would decide the matter differently, Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284,

286 (6th Cir. 1994), and even if substantial evidence also supports the opposite conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). The court has carefully reviewed the record, the decision of the ALJ, and the magistrate judge's report and recommendation in this matter. The magistrate judge conducted an thorough review of plaintiff's arguments and concluded that they did not provide a basis for reversing the ALJ's decision, which was supported by substantial evidence. The court is in agreement and, accordingly, accepts the magistrate judge's recommendation. Therefore,

IT IS ORDERED that the magistrate judge's report and recommendation is accepted as the findings and conclusions of this court.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is GRANTED and plaintiff's motion for summary judgment is DENIED for the reasons given in the magistrate judge's report and recommendation. Judgment will enter for the defendant.

**IT IS SO ORDERED**.

Dated: March 27, 2014

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 27, 2014, by electronic and/or ordinary mail.

s/Lisa Wagner
Deputy Clerk